OPINION OF THE COURT
John D. Capilli, J.
This court conducted a hearing on October 25, 1983, pursuant to an order granted by the Honorable Harold Fertig, a Judge of this court, whereby the defendants moved for an order compelling the District Attorney to specifically perform a plea bargain agreement.
The charge upon which the defendants have been brought before this court is subdivision 2 of section 225.30 of the New York State Penal Law, to wit: possession of a gambling device.
It is the contention of the defendants that an agreement dated August 23, 1983, marked defendants’ exhibit B in evidence, is the basis of their requested relief. In response, the People allege that there has been no compliance with the offer to negotiate as evidenced by defendants’ exhibit B.
The movants, the defendants herein, called as their witness, Leonard Kreinces, their attorney, followed by Police Officer Rocco Colucci, Assistant District Attorney Salvatore Marinello and former Assistant District Attor *95 ney Michael Rosenstock. Movants rested. The People presented no witnesses and engaged in cross-examination of only one witness: namely, Leonard Kreinces.
Upon the credible evidence, the court makes the following findings of fact:
(1) Defendants’ attorney, Leonard Kreinces, after arraignment, made himself available to a plea bargaining possibility or dismissal of the information.
(2) That defendants’ attorney, Leonard Kreinces, did speak to Assistant District Attorney Rosenstock for the purpose of arriving at a possible plea bargaining agreement.
(3) That defendants’ exhibit B represents an offer to negotiate a reduced plea.
(4) That said reduced plea was conditioned upon:
(a) “full cooperation with members of law enforcement”
(b) “said cooperation” will be judged solely by the law enforcement Officers Colucci and Kingsley.
(c) that defendants exercised “good faith, truthfulness and honesty”.
(5) Defendants’ exhibit B does not constitute an enforceable agreement; there was no meeting of the minds.
(6) No offer was effectively communicated by the People to the defendants’ attorney nor to the defendants respectively of either a B misdemeanor or a violation.
(7) That the co-operation extended by the defendants, although truthful, was not “full and complete”.
(8) That the defendants were restrained by their personal attorney as to the extent of their co-operation, by advising them to hold back evidence of other crimes in order to avoid being labeled as informants.
(9) That the defendants did not fulfill the conditions of the offer to negotiate a reduced plea, as per defendants’ exhibit B. Therefore, an agreement between the People and the defendants was never reached.
DISCUSSION
To properly determine the outcome of this hearing, the court must presuppose fairness in securing the agreement *96 between the defendants and the prosecutor. (Santobello v New York, 404 US 257; People v World, 121 Misc 2d 148.) The United States Supreme Court in Santobello (supra) held that in the event a plea bargain agreement exists between the defendant and a prosecutor, the defendant is constitutionally entitled to relief. This relief may take the form of specific performance or the vacating of a guilty plea; however, any relief must presuppose an agreement between the parties and the burden of proving such agreement is placed upon the defendant. (34 Syracuse L Rev 575.)
The majority of courts require the presence of a guilty plea or some other detrimental reliance by the defendant before such relief may be granted; however, the Federal Court, Fourth Circuit, in Cooper v United States (594 F2d 12) granted relief where the defendant neither pleaded guilty nor detrimentally relied upon a prosecutor’s promise. Inasmuch as the defendants in this case did not enter any pleas, the Cooper rationale is of particular significance. In the Cooper decision an analysis of contract law together with the constitutional mandates of fairness as cited in Santobello (supra) were combined to determine the relief sought by the defendants. The criteria as outlined by the Fourth Circuit in granting the relief sought herein are:
(A) That the proposal be specific and unambiguous in form.
(B) That it be made without being conditioned on the approval of supervisors.
(C) That the proposal be reasonable in context.
(D) That it be made by a prosecutor with apparent authority.
(E) That the proposal be communicated promptly to the defendant.
(F) That the defendant accepted the proposal promptly and unequivocably.
Both State and Federal cases differ in considering whether the law of contracts or whether constitutional rights are involved, along with the change of position to the defendant’s detriment. (Palermo v Warden, 545 F2d 286.)
*97 Taking into consideration the findings of fact as stated above, this court adheres to the Cooper doctrine (supra) and is of the opinion that a constitutional/contract analysis does not sustain the agreement as evidenced by defendants’ exhibit B.
Therefore, this court must distinguish the case at bar from People v McConnell (49 NY2d 340) in that McConnell pleaded guilty after testifying to the Grand Jury and at the trial of a codefendant as agreed in a plea bargain negotiation, specific performance of the plea bargain (maximum sentence of 10 years) was granted by the Court of Appeals based on essential fairness and a finding that defendant as agreed in plea negotiations lived “up to his part of the bargain * * * has put himself * * * in a no-return position” (at p 345).
Also distinguishable is People v Selikoff (35 NY2d 227), wherein the Court of Appeals held that “any sentence ‘promise[d]’ at the time of plea is, as a matter of law * * * strong public policy, conditioned upon its being lawful and appropriate in light of the subsequent presentence report or information obtained from other reliable sources” (p 238). Although the court rejected the purely contractual analysis as “incongruous” (p 238) it applied many similar principles in determining that the court has the ultimate discretion.
In Selikoff (supra), the Court of Appeals addressed a plea stated on the record, based on the representation by the prosecutor and the defendants’ counsel that no sentence of imprisonment would be imposed. At the time of sentence, the Judge stated that he would and could not keep the conditioned promise of no imprisonment.
Thus, on their facts, the McConnell (supra) and Selikoff (supra) findings hold no application to the case herein. In the case at bar, there was neither an agreement of a particular plea between the parties, nor a change in the defendants’ position. No agreement was stated on the record, nor full co-operation on the part of the defendants as a fulfilled required condition.
Taking into consideration the afore-mentioned findings of fact and the Cooper/Santobello doctrine as cited, this court is of the opinion that there was no agreement be *98 tween the defendants and the People upon which defendants may secure the relief sought. In view of the contractual analysis as well as the constitutional standards of fairness, the status of the parties is merely one of an offer to negotiate a reduced plea based on reasonable conditions. This was not an offer to a particular reduced plea. The defendants have not met their burden of proof.
CONCLUSIONS OF LAW
Based upon the testimony given before the court, the cases cited and the analysis therein, conclusions of law are summarized as follows:
(1) That the plea offer was never made by the People in a specific and unambiguous form.
(2) That it was not made without being conditional upon approval of a supervisor.
(3) That it was not made by a prosecutor with the apparent authority.
(4) That the specific proposal was never communicated promptly to the defendants.
(5) That there was no acceptance by the defendants which was prompt and unequivocal.
(6) That defendants’ exhibit B was merely an offer to negotiate a reduced plea, which was not enforceable and there was no meeting of the minds.
(7) That the condition to give “full cooperation” by the defendants to the assigned members of the law enforcement was not fulfilled.
(8) That the People never communicated a specific offer to the defendants.
(9) That Rocco Colucci, the law enforcement officer, was of the opinion that the defendants did not give full and complete statements, although truthful.
Therefore, it is the decision of the court that the motion to compel the District Attorney of the County of Nassau to specifically perform a plea bargaining agreement is hereby denied as to each defendant.